**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter: 7 |
| Brightleaf Homes, LLC, | ) | |
| | ) | Case No: 22-5429 |
| | ) | |
| Debtor. | ) | Judge: Janet S. Baer |

**NOTICE OF MOTION FOR APPROVAL OF SETTLEMENT AND
COMPROMISE OF CONTROVERSY AND REQUEST FOR LIMITED NOTICE**

To:    See Attached Service List

PLEASE TAKE NOTICE THAT ON **January 6, 2023, at 11:00 a.m.** or as soon thereafter as Counsel may be heard, I will appear before the **Honorable Judge Janet S. Baer**, or any Judge sitting in her stead, either in courtroom 615 of the Dirksen Federal Building, 219 South Dearborn St., Chicago, Illinois, or electronically as described below, and present the attached **Trustee's Motion to Approve Compromise and Settlement with Capital One and Limited Notice.**

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is **160 731 2971** and the password is **587656**. The meeting ID and password can also be found on the Judge's page on the Court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

**CERTIFICATE OF SERVICE**

I, Joshua D. Greene, an attorney, on oath state that I caused to be served this Notice and proposed Order by mailing and/or electronically serving where available a copy to all parties shown and depositing same in the U.S. Mail at 300 S. County Farm Road, Wheaton Illinois before 5:45 p.m. on **December 15 , 2022** with proper postage prepaid.

/s/ Joshua D. Greene /s/

## SERVICE LIST

*All parties entitled to ECF Notification through the U.S. Bankruptcy Court, Northern District of Illinois, including but not limited to:*

**ECF Service:**

Patrick S. Layng, Esq.
United States Trustee
219 South Dearborn Street
8th Floor
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

Frank J Kokoszka
Kokoszka & Janczur, P.C.
19 South LaSalle
Suite 1201
Chicago, IL 60603-1419

Jonathan P Friedland
Sugar Felsenthal Grais & Helsinger LLP
30 North LaSalle Street
Suite 3000
Chicago, IL 60602
Email: jfriedland@sfgh.com

David A. Newby
Momkus, LLP
1001 Warrenville Rd., Ste. 500
Lisle, IL 60532
Email:dnewby@momkus.com

Mark Noth
Associate
Laurie & Brennan
2 North Riverside Plaza, Suite 1750
Chicago, IL 60606
Email:mnoth@lauriebrennan.com

**By U.S. Mail Service:**

BrightLeaf Homes LLC
Attn: Scott Sanders
313 Burkhardt Ct.
Forest Park, IL 60130

Benjamin Auerbach & Sarah Lockwitz
2919 Paxton Court
Lisle, IL 60532

Discover Bank
Discover Products Inc
PO Box 3025
New Albany Ohio 43054-3025

Ana Manzanares and Khanda Schuler
2412 Wade Street
Evanston, IL 60201

Tajammul Hussain
9550 Bormet Drive, Suite 304
Mokena, IL 60448

Mid American Water, Inc.
Attn Brandon
1500 E. Mountain
Aurora, IL 60505

Rohinee Beri & Cem Karsan
948 N Leavitt Street
Chicago, IL 60622

Dann Dolce Painting Co.
Timothy L. Binetti, Attorney
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, Illinois 60606

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Jacob Hand Photography + Motion LLC
1806 N Harding Ave.
Chicago, IL 60647-4714

Corral G Construction
Weissberg and Associates, LTD
564 w Randolph Street, 2nd Floor
Chicago, Il 60661

Kristen Goodman
88 N Park Rd
La Grange, IL 60525

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

Nicor Gas
Po box 549
Aurora, Il 60507

Martin & Jeanette Vlcek
7526 Comstock Ln
Darien, IL 60561

Christian Goers & Nicole Goers
5632 S Oak St.
Hinsdale, IL 60521

Hinsdale Bank & Trust
9700 W Higgins Rd Suite 650
Rosemont, IL 60018

Haeger Engineering
Attn Michael Anderson
100 East State Parkway
Schaumburg, IL 60173

Consolidated Garage Doors Ltd
Martin D Tasch Momkus LLP
1001 Warrenville Road Ste 500
Lisle, IL 60532

Anthony & Linda Muscolino
1114 Stone Ave
La Grange, IL 60525

Emerald Isle Construction, Inc.
5724 N. Newark Ave.
Chicago, IL 60631

Soil & Material Consultants Inc
8 WestCollege Drive Suite C
Arlington Heights, IL 60004

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kalpesh and Lisa Patel
Momkus LLP/ David Newby
1001 Warrenvill Rd., Suite 500
Lisle, Il 60532

Christopher Skinner
Craig Penrose Attorney for Creditor
Laurie & Brennan, LLP
2 North Riverside Plaza #1750
Chicago, IL 60606

Carden Group Inc. dba Style Exterior
4905 W 95th St.
Oak Lawn, IL 60453

Ferguson Enterprises, LLC
Carl E Metz II
101 N Virginia St Ste 150
Crystal Lake, IL 60014

Chris and Nikki Rucks
1000 W Crescent ave
Park ridge, Il 60068

Rob & Kristine Hocking
4936 Montgomery Ave
Downers Grove, IL 60515

Insight Property Services
Attn Joe Konopacki
115 East Ogden Ave. Suite 117-128
Naperville, IL 60563

Sean and Kimberly Herring
1000 Lake St Unit 412
Oak Park, IL 60301

Stephany Esmay
444 N. Eola Road.
Aurora, IL 60502

Sterne Construction Group, LLC
Attn Skip Sterne
1879 N Neltnor Blvd #248
West Chicago, IL 60185

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | Chapter: | 7 |
| Brightleaf Homes, LLC, | ) | | |
| | ) | Case No: | 22-5429 |
| | ) | | |
| Debtor. | ) | Judge: | Janet S. Baer |

**MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY
AND REQUEST FOR LIMITED NOTICE**

**NOW COMES**, the Trustee, Frank J. Kokoszka, (hereinafter "Trustee"), by and through his attorneys, Springer Larsen Greene, LLC, and for his Motion for Approval of Settlement and Compromise of Controversy with Capital One, N.A. ("Capital one"), respectfully states to this Court as follows:

1. On May 11, 2022 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Thereafter, Frank J. Kokoszka was appointed as the Chapter 7 Estate's Trustee and continues to serve in that capacity.

3. On or around September 7, 2022, the Trustee sent a demand letter to Capital One requesting turnover of certain alleged preferential transfers in the aggregate amount of $73,690.49 (the "Transfers").

4. The Trustee did not receive a response to the demand letter. Thus, the Trustee, through counsel, filed an adversary complaint against Capital One, case number 22 A 162, seeking to avoid and recover the Transfers.

5. Capital One, through its counsel, contacted the Trustee and denied any liability to the Trustee for the Transfers, and asserted defenses of ordinary course of business and new

value. Specifically, Capital One provided the Trustee with account statements showing that Capital One provided almost as much in new value to the Debtor as it received in Transfers from the Debtor.

6. After further discussions, Trustee and Capital One reached terms of compromise and settlement of the potential preference claim after discussions and negotiation of the matter.

7. The parties agreed to a settlement whereby Capital One would pay to the Trustee the total sum of $2,500.00, as and for full and final settlement of any cause of action the Estate holds against Capital One related to the Transfers. Attached hereto as **Exhibit A** is the proposed settlement agreement.

8. Taking into account the cost of bankruptcy litigation and the defenses asserted by Capital One, the Trustee believes that the settlement represents the best means of recovery for the bankruptcy estate.

9. Trustee believes that given the risks of litigation and defenses asserted by Capital One that the settlement falls within the range of reasonable litigation possibilities, and therefore that the proposed settlement is in the best interests of this estate and its creditors, and seeks approval thereof.

10. To determine the propriety of a bankruptcy settlement, the benchmark utilized by the Court is "whether the settlement is in the best interests of the estate." *In re Energy Cooperative, Inc.*, 886 F.2nd 921, 927 (7th Cir. 1989). Additionally, the Court in *Energy Cooperative* stated:

> "Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable benefits. Among the factors the bankruptcy judge should consider in his analysis are the litigation's probability of success, the litigation's complexity and the litigation's attendant expense, inconvenience,

and delay (including the possibility that disapproving the settlement will cause wasting of assets.) *Energy Cooperative*, 886 F.2nd at 927 (quoting *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1989).

Further, the Seventh Circuit has stated:

> "Thus, the court must determine whether 'the value of the proposed compromised distribution is <u>reasonably</u> equivalent to the value of the potential claim which has been surrendered or modified by the settlement which has been achieved.' The test for reasonable equivalence is 'whether or not the terms of the proposed compromise fall within the reasonable range of litigation possibilities.' A challenged settlement fails this test only if it 'falls below the lowest point in the range of reasonableness." *Energy Cooperative*, 886 F.2nd at 929.

11. The Trustee believes that it is in the best interest of the Estate to accept such settlement for the following reasons:

    a. That the settlement will assist in providing a meaningful distribution to the unsecured creditors of the Estate.

    b. That the Estate will avoid the incurrence of substantial legal fees, costs and expenses in pursuing and litigating the receivables.

    c. That the settlement will avoid the inherent risks associated with litigation and further the Trustee's efforts in providing a meaningful distribution to the unsecured creditors of the Estate.

WHEREFORE, Trustee prays for entry of an Order approving the settlement and compromise of controversy of the above matter as outlined herein and Trustee also requests that notice of this motion be limited to creditors with proofs of claim on file and parties in interest, and granting such other and further relief as this court deems just and proper.

DATE: December 12, 2022        Respectfully Submitted,

        Frank J. Kokoszka, Trustee

        By: /s/ Joshua D. Greene/s/
             One of His Attorneys

Joshua D. Greene
Springer Larsen Greene, LLC
300 S. County Farm Road, Ste. G
Wheaton, IL 60187
(630) 510-0000
jgreene@springerbrown.com